UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| George H. Criss, Jr., | : | Case No. 1:07CV1170 |
| Plaintiff | : | Judge Ann Aldrich |
| v. | : | Magistrate Judge David S. Perelman |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED DECISION** |
| Defendant | : | |

This action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of defendant's final determination denying plaintiff's claims for disability benefits, (DIB), 42 U.S.C. §§416, 423 and supplemental security income benefits (SSI), 42 U.S.C. §1381 et seq.,[1] is pending decision upon the parties' submissions on the merits, pursuant to which plaintiff seeks entry of final judgment in his favor, alternatively, an order of remand, and defendant seeks final judgment upholding the decision below.

Plaintiff applied for benefits on August 6, 2004, alleging an onset date of July 17, 2004. In an accompanying Disability Report - Adult the questions "What are the illnesses, injuries or conditions that limit your ability to work?" and "How do your illnesses, injuries or conditions limit your ability to work?" were answered "dizzy spells" and "I don't know when I am going to have a dizzy spell. I can get dizzy and light headed."

Upon denial of plaintiff's claims on the state agency level hearing de novo before an

---

[1] "Plaintiff's Brief on the Merits" only references the DIB application. Nevertheless, this Court assumes that the plaintiff is seeking judicial review of the denial of both claims.

Administrative Law Judge (hereinafter ALJ) was requested. Evidentiary hearing, at which plaintiff was represented by counsel, was held on November 11, 2005. Also testifying at that proceeding were a medical expert, Dr. Chester Plotkin, and a vocational expert, Mr. Mark Anderson.

At that hearing the plaintiff ascribed his alleged inability to work to daily dizzy spells, with episodes every three to four months where he would briefly pass out.

Dr. Plotkin testified that he found no objective medical evidence in the plaintiff's records to account for the plaintiff's subjective complaints, stating that the several tests the plaintiff had undergone "have yet to find any explanation for his feelings of light headedness," adding that a tilt table test that the plaintiff was scheduled to take might provide an explanation. With regard to a form completed by the plaintiff's primary care physician, Dr. John H. Gray, for a disability insurance carrier under date of April 7, 2005 in which the doctor stated that the plaintiff suffered from "severe limitation of functional capacity, incapable of minimum (sedentary) activity," Dr. Plotkin testified:

> Q. Okay. Doctor, did you have a chance to see Dr. Gray's assessment [INAUDIBLE] 20F,[2] page 16. It was done in April of this, of this year?
>
> A. Yes.
>
> Q. Do you agree with the opinion that he renders in that document that Mr. Criss is incapable of, of sedentary activity?
>
> A. I think that his symptoms would make him feel that he's incapable of anything beyond sedentary activity. However, the one test which has not been completed is the tilt test, and that might give some objective evidence to support it. Right now, he is basing his opinion largely on his symptoms.
>
> Q. Okay. So, in your view, Dr. Gray's opinion is based largely on symptoms because your review of the record doesn't demonstrate objective tests that would establish that. Is that correct?

---

[2]The record also contains two other forms completed by Dr. Gray in 2005 (Exhibits 18 and 19) in which he reported the plaintiff as similarly limited. Interestingly, in October 2004 Dr. Gray signed a return to work without restrictions form, as did a neurologist to whom Dr. Gray had referred the plaintiff.

>    A.   Right.
>
>    Q.   Okay. But the tilt test is, is certainly an appropriate mechanism to try and further investigate this condition.
>
>    A.   Yes, sir.

On December 6, 2005 the plaintiff underwent the tilt table test, during which he complained of dizziness. The conclusion reached, however, was "Negative head-up tilt table test with nitroglycerine provocation."

On March 30, 2006 the ALJ entered his opinion denying plaintiff's claims. That decision became defendant's final determination upon denial of review by the Appeals Council on February 26, 2007.

The standards which control on a review of this nature were summarized by the Sixth Circuit in Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) as follows:

> Judicial review of the Secretary's decision is limited in scope to determining whether the findings of fact made by the Secretary are supported by substantial evidence and deciding whether the Secretary employed the proper legal criteria in reaching her conclusion, Walston v. Gardner, 381 F.2d 580, 585 (6th Cir. 1967). This Court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility, Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972). Rather "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive..." 42 U.S.C. §405(g).
>
> The Supreme Court has stated that "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantiality of the evidence must be based upon the record taken as a whole. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), citing Futernick v. Richardson, 484 F.2d 647 (6th Cir. 1973). "Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the `substantiality of evidence must take into account whatever in the record fairly detracts from its weight'." Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 387 (6th Cir. 1978), quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474 (1951). "We may not focus and base our decision entirely on a single piece of evidence, and disregard other pertinent evidence." Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978).

In resolving the issue of whether the defendant's final determination is supported by substantial evidence the decision upon judicial review cannot turn upon whether the reviewing court agrees with the Secretary's determination.  Indeed, the reviewing court may conclude that substantial evidence would support a final determination contrary to that arrived at by the defendant and yet be obliged to affirm the defendant's final determination.  In Mullen v. Bowen, 800 F.2d 535, at 545 (6th Cir. 1986), the court cited with approval the following from Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984):

> The substantial-evidence standard allows considerable latitude to administrative decision makers.  It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposition decision.

On this appeal the sole issue raised on behalf of the plaintiff is "Whether the Administrative law Judge erred in his analysis of the evidence by failing to articulate the weight assigned to the opinions of plaintiff's treating physicians." While phrased as referring to opinions of treating sources this argument rests upon the forms completed by Dr. Gray, as none of the other physicians the plaintiff has seen has expressed an opinion supporting his claim of disability.

This Court finds no merit in this contention.

In the body of his decision the ALJ stated:

> At the hearing, Dr. Plotkin testified that a tilt table test, which had not been conducted at the time of the hearing, would be important in determining whether there was an objective basis for the symptoms the claimant testified to.  A tilt table test was performed in December 2005, and it was normal.  (Ex. 24F).
>
> Though the claimant alleged frequent episodes of syncope, the record reports only 4 episodes between April 2004 and December 2005.  (Ex. 23F page 2).
>
> For the purpose of completeness, the claimant is obese.  He is 70 inches tall and weights 235 pounds.  Although hypertensive, it appears his hypertension is stable.  (Ex. 22F page 2).

> The undersigned is aware that Dr. Gray, the claimant's physician opines that the claimant is totally disabled. (Exs. 19F and 20F). Dr. Gray's opinion is based primarily on the episodes of syncope reported by the claimant. However, the evidence of record does not support such a conclusion. The etiology of the syncope is unknown, voluminous testing has been negative. Also, there are only 4 reported episodes of syncope between April 2004 and December 2005. Also, the claimant's cardiology testing is negative and he has a normal left ventricular ejection fraction.

This Court does not know what more the ALJ could have said than the objective medical evidence does not support the plaintiff's subjective complaints. See, Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 352-853 (6th Cir. 1986). In this Court's opinion, such determination was clearly within the ALJ's zone of choice under the substantial evidence standard.

It is recommended that final judgment be entered in the defendant's favor.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE:   March 4, 2008

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).