**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **GEORGE H. CRISS, JR.,** | ) | Case No. 1:07-CV-1170 |
| | ) | |
| Petitioner, | ) | |
| | ) | **JUDGE ANN ALDRICH** |
| v. | ) | |
| | ) | |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,** | ) ) | Magistrate Judge David S. Perelman |
| | ) | |
| Respondent. | ) | **MEMORANDUM AND ORDER** |
| | ) ) | |

Before the court is the report and recommendation ("R&R") of Magistrate Judge David S. Perelman (Doc. No. 18), recommending that the court affirm the order of the Administrative Law Judge ("ALJ") (Doc. No. 15). George H. Criss ("Criss") has filed objections to the R&R (Doc. No. 19), and the Commissioner of Social Security ("the Commissioner") has filed a response (Doc. No. 20).

Federal Rule of Civil Procedure 72(b) requires this Court to review *de novo* any portion of the magistrate judge's disposition to which specific objections have been made. Local rule 72.3(b) requires that objections "specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." A District Judge "shall make *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id.*

Judicial review of a denial of benefits by the Commissioner of Social Security, "is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the proper standards were employed." *Hughey v. Comm'r of Soc. Sec.*, 46 Fed. Appx. 252,

252-53 (6th Cir. 2002). According to the Supreme Court, "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This standard "allows considerable latitude to administrative decision makers" and "presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

Additionally, the Court of Appeals for the Sixth Circuit has held that the ALJ should only give the medical opinion of a treating physician great weight when that opinion is "supported by sufficient clinical findings and [is] consistent with the evidence." *Sullenger v. Comm'r of Soc. Sec.*, 255 Fed. Appx. 988, 994 (6th Cir. 2007). The "ultimate 'determination of disability is the prerogative of the [ALJ], not the treating physician.'" *Id.* (quoting *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984)).

Here, the plaintiff objects to the R&R on the ground that the magistrate "committed legal error when he adopted the ALJ's decision," because the ALJ "did not fulfill his duty in articulating legitimate and specific reasons" for not following the opinion of the plaintiff's treating physician, Dr. Gray. (Plaintff's Objections at 1; Doc. No. 19).

However, the ALJ found that the treating physician's opinion was based primarily on the subjective complaints of Criss, rather than objective medical evidence. Further, the ALJ explained that an objective medical test, the tilt table test, was performed by Dr. Moore and the results found that the plaintiff was "normal" and did not support Criss' alleged disability. Therefore, since the medical opinion of Dr. Gray was not supported by sufficient clinical findings and is not consistent with the evidence, the ALJ was not required to give the opinion great weight.

Moreover, the ALJ's decision and reasoning rejecting Dr. Gray's opinion and its final determination is supported by substantial evidence, as described in the R&R. As stated above, this court's review is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the proper standards were employed. The findings of the ALJ are conclusive when, as in this case, they are supported by substantial evidence.

For the foregoing reasons, the court adopts the R&R in its entirety, and for the reasons stated therein, denies the plaintiff's motion to reverse or remand. Consequently, the Commissioner's decision is affirmed and the complaint is dismissed with prejudice.

This order is final and appealable.

IT IS SO ORDERED.

          /s/ *Ann Aldrich*
          ANN ALDRICH
          UNITED STATES DISTRICT JUDGE

Dated: October 21, 2008